UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON MARCUS COLEMAN,

    Plaintiff,                    Civil No. 2:19-CV-10572/2:19-CV-10630
                                      HONORABLE VICTORIA A. ROBERTS
v.                               UNITED STATES DISTRICT JUDGE

ERIK JOHANSENE AND
RAYMOND BUCCIARELLIR,

    Defendants,
_____/

## OPINION AND ORDER (1) DENYING THE MOTION TO VACATE THE ORDER OF DISMISSAL (Doc. 19) AND (2) DENYING THE MOTION FOR RELIEF FROM JUDGMENT (Doc. 20)

Plaintiff filed two separate civil rights complaints. The cases were consolidated into one action. On April 18, 2019, the complaint was dismissed without prejudice for failing to state a claim upon which relief can be granted. *Coleman v. Johansene*, No. 2:19-CV-10572, 2019 WL 1746256 (E.D. Mich. Apr. 18, 2019).

Now pending are Plaintiff's motions to vacate the order of dismissal and for relief from judgment. The motions are DENIED.

The Court discusses the motions together because they are related. Plaintiff seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

1

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

The party who seeks to invoke Rule 60(b) bears the burden to establish that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

A Rule 60(b)(1) motion for relief from judgment is available to provide relief only when: (1) a party has made an excusable mistake or an attorney has acted without authority, or (2) the judge has made a substantive mistake of law or fact in the final judgment or order. *U.S. v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

Plaintiff alleged in his complaints that on July 10, 2018, he was stopped and illegally searched at the Detroit Metropolitan Airport by Defendants Johansene and Bucciarellir, two airport police officers. Plaintiff alleged that the officers seized money from him without a warrant. Plaintiff alleged that evidence from this arrest was used as

2

the basis to revoke his supervised release for his conviction for conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine out of the United States District Court for the Northern District of Georgia. Plaintiff was sentenced to twenty four months incarceration.[1]

Plaintiff argues that the two cases were improperly consolidated. He is wrong. Fed. R. Civ. P. 42 (a)(2) indicates that a district court may consolidate actions which "involve a common question of law or fact." Plaintiff's two civil rights cases involved a common question of law or fact and the Court did not err in consolidating them. Plaintiff is attempting to relitigate an issue already ruled upon by this Court. This is impermissible.

Plaintiff also argues that the Court erred in summarily dismissing his complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). He says *Heck* is an affirmative defense, and a complaint should not be summarily dismissed under the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

Contrary to Plaintiff's claim, the Sixth Circuit has "not explicitly held whether *Heck* constitutes an affirmative defense" to a complaint "although at least one of our sister circuits has found that defendants may waive *Heck* arguments by failing to make them before the district court." *Cummings v. City of Akron,* 418 F.3d 676, 681, n. 3 (6th Cir. 2005). The Sixth Circuit in *Cummings* noted that a prior Sixth Circuit panel had

---

[1] See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See *Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

affirmed a district court's *sua sponte* finding that *Heck* barred the plaintiff's claims. *Id.* (citing *Manthey v. Kessler*, 79 F. App'x. 153, 153–54 (6th Cir. 2003)).

Even if *Heck* is an affirmative defense, if the allegations in a complaint show that relief is barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim. *See Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017)(citing *Jones v. Bock,* 549 U.S. 199, 215 (2007)). The Sixth Circuit recently affirmed the *sua sponte* dismissal of a prisoner civil rights case under *Heck* in a published opinion. *See Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019). The allegations in Plaintiff's complaint clearly showed that relief was barred under *Heck;* this Court did not err in summarily dismissing the complaint.

Additionally, Plaintiff argues that the Court erred in dismissing his complaint under *Heck* because the allegedly illegal seizure of his money at the time of his arrest by Detroit Metropolitan Airport Police does not call into question the validity of the revocation of his supervised release by the judge in the United States District Court for the Northern District of Georgia.

But Plaintiff alleged in his original complaint, "The arrest without probable cause was the basis for evidence for a two year probation prison sentence." See Complaint, Case No. 19-CV-10630 (ECF 1, Pg ID 12). One of Plaintiff's Northern District of California conditions of supervised release was that he was not to be in possession of illegal drugs. *See United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 796, Pg ID 8). Plaintiff's supervised release was revoked because he was arrested at the Detroit Metropolitan Airport on July 10, 2018 while in possession of heroin. (*Id.*, Pg ID 9-10, 11-

4

12. The district judge ultimately found that Plaintiff violated this and other conditions of his supervised release. See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 803). Plaintiff was sentenced to prison. See *United States v. Coleman,* No. 1:07-CR-233 (N.D. Ga.)(ECF 804). *Heck* bars the recovery of monetary damages from a supervised release violation unless the revocation of supervised release is reversed or vacated. *See Wingo v. Mullins*, 400 F. App'x. 344, 346–47 (10th Cir. 2010); *Nikirk v. Rodriguez*, 129 F. App'x. 103, 104 (5th Cir. 2005); See also *Faber v. Smith,* No. 17-2523, 2018 WL 6918704, at * 2 (6th Cir. June 6, 2018), *reh'g denied* (June 28, 2018)(Under *Heck*, "Faber cannot file *Bivens* claims that would undermine the validity of the district court's orders amending his supervised release terms).

Finally, Plaintiff offered no facts or argument in his complaints establishing that the seizure or arrest was illegal. Plaintiff's conclusory allegations that he was arrested without a warrant or probable cause are insufficient to state a claim for relief even if his allegations were not barred by *Heck. See Karafiat v. O'Mally,* 54 F. App'x. 192, 194 (6th Cir. 2002).

Plaintiff's arguments that the defendants interfered with his ability to hire his own attorney and that his illegal arrest lead to the destruction of his business and/or lost wages were already addressed and rejected by the Court in the opinion and order of summary dismissal.

Lastly, Plaintiff fails to raise new facts or arguments in his Rule 60(b) motion. It merely reiterates the allegations that he made in his original complaint. *See Johnson,* 357 F. 3d at 543.

**IT IS ORDERED** That:

The Motion to Vacate the Order of Dismissal (Doc. 19) and the Motion for Relief From Judgment (Doc. 20) are **DENIED**.

s/ Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

**Dated: 7/8/19**